## HEIRS OF WILLIAM MAGUIRE v. JAMES A. BASS.

Where heirs have been recognized as such and put in possession of the succession afterwards, and obtained a judgment on the final account rendered by the Curator—it is sufficient evidence of their capacity as such to authorize a judgment against the Curator's surety. The burthen of proof will rest on the other party.

APPEAL from the District Court, Tenth District, Parish of Carrol, *Copley*, J. *Drew & Bonner*, for plaintiffs. *Selby*, for defendant and appellant.

EUSTIS, C. J. This suit is brought by the heirs of the late *John McGuire*, of the parish of Carroll, against *James A. Bass*, one of the sureties on the bond of *William Glathary*, who was the curator of the succession of the deceased.

Judgment was rendered against the defendant for some $800 and costs, and he has appealed.

The main objection taken to the correctness of the judgment of the Court, is the want of sufficient proof of the heirship of the plaintiffs.

Their capacity has been recognized by two judgments of the District Court against the curator, one recognizing the plaintiffs as heirs and putting them in possession of the succession as such, and the other rendered on the final account filed by the curator. These proceedings were sufficient evidence of heirship to authorize a judgment against the curator's surety. It rested with the defendant to impugn them by counter evidence, which has not been done.

The suit being instituted by attorneys at law, and the proceedings having been conducted by officers of the Court, there is no necessity in this suit to enquire into the authority of one of the heirs who sues as attorney in fact.

The judgment, on which this suit is brought, was rendered on an opposition to the curator's account, filed at the suit of the plaintiffs. It appears to have been consented to by the curator, but his attorney swears that it was for the

sum he thought was due the heirs, according to the vouchers and evidence of debt before him.

The return of the Sheriff, in this execution, issued against the curator, we think is sufficient to warrant the judgment against the surety. Besides it is proved that the curator is notoriously insolvent.

We do not examine the exception of the defendant to the admission of the powers of attorney of the plaintiffs, because there was no necessity for proving them, and the case is against the defendant without them.

The judgment appealed from is affirmed, with costs.